T.C. Summary Opinion 2006-147


UNITED STATES TAX COURT


CHARLES E. TOWNSEND, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21894-04S.          Filed September 14, 2006.


Charles E. Townsend, pro se.

James H. Harris, Jr., for respondent.


CHIECHI, Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]Hereinafter, all section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,290 in petitioner's Federal income tax for his taxable year 2002.

The issues remaining for decision are:

(1) Is petitioner entitled to deduct certain claimed medical and/or dental expenses?  We hold that he is not.

(2) Is petitioner entitled to deduct certain claimed charitable contributions?  We hold that he is not.

(3) Is petitioner entitled to deduct certain claimed automobile expenses?  We hold that he is not.

(4) Is petitioner entitled to deduct certain claimed lodging expenses?  We hold that he is not.

(5) Is petitioner entitled to deduct certain claimed meal expenses?  We hold that he is not.

(6) Is petitioner entitled to deduct certain claimed unidentified travel expenses?  We hold that he is not.

(7) Is petitioner entitled to deduct certain claimed unidentified business expenses?  We hold that he is not.

(8) Is petitioner entitled to deduct certain claimed union dues in excess of those allowed by respondent?  We hold that he is not.

### Background

Some of the facts have been stipulated and are so found.

At the time petitioner filed the petition in this case, he resided in Keyser, West Virginia.

From April through October of 2002, petitioner was employed away from his residence as a truck driver by a pipeline construction company.  During January through March and October 23 through December 2002, petitioner was not employed away from his residence.

Petitioner timely filed a tax return for his taxable year 2002 (petitioner's 2002 tax return).  In Schedule A-Itemized Deductions included as part of that return (2002 Schedule A), petitioner claimed "Medical and Dental Expenses" (medical and/or dental expenses) totaling $4,880 prior to the application of the 7.5-percent floor imposed by section 213(a).  As required by section 213(a), petitioner reduced the $4,880 of such expenses claimed in the 2002 Schedule A by 7.5 percent of his adjusted gross income (i.e., by $4,623).

In his 2002 Schedule A, petitioner also claimed "Gifts to Charity" (charitable contributions) totaling $980.

Finally, in his 2002 Schedule A, petitioner claimed "Job Expenses and Most Other Miscellaneous Deductions" (job expenses) totaling $18,107 prior to the application of the two-percent floor imposed by section 67(a).  Of that total, petitioner claimed $17,098 as "Unreimbursed employee expenses", $175 as "Tax preparation fees", and $834 as "Other expenses" identified as union dues.  With respect to the $17,098 of claimed unreimbursed employee expenses, petitioner, as required, completed Form 2106-

EZ, Unreimbursed Employee Business Expenses, and included that form as part of petitioner's 2002 tax return (2002 Form 2106-EZ). In the 2002 Form 2106-EZ, petitioner claimed the following unreimbursed employee expenses:

| Expense | Amount |
|---------|--------|
| Vehicle | [1]$5,844 |
| Travel[2] | $6,884 |
| Business[3] | $950 |
| Meals | [4]$3,420 |

[1]Petitioner calculated the $5,844 of claimed vehicle expenses by using the standard mileage rate for 2002 of 36.5 cents per mile and multiplying that rate by 16,012, the number of miles that petitioner claims he drove his automobile for business (business miles) during 2002.

[2]In the 2002 Form 2106-EZ, the expense category "Travel" (travel expense category) covered "Travel expenses while away from home overnight, including lodging, airplane, car rental, etc.", but not expenses for meals or entertainment. Petitioner did not specify in the 2002 Form 2106-EZ the type(s) of travel expenses that he was claiming.

[3]In the 2002 Form 2106-EZ, the expense category "Business" covered business expenses not included in the expense categories "Vehicle", "Travel", and "Parking fees, tolls, and transportation, including train, bus, etc., that did not involve overnight travel or commuting to and from work". Petitioner did not specify in the 2002 Form 2106-EZ the type(s) of business expenses that he was claiming.

[4]In calculating the $3,420 of claimed meal expenses, petitioner claimed in the 2002 Form 2106-EZ total meal expenses of $6,840 and reduced that total by 50 percent, as required by sec. 274(n).

As required by section 67(a), petitioner reduced the $18,107 of total job expenses claimed in the 2002 Schedule A by two percent of his adjusted gross income (i.e., by $1,233).

In determining the taxable income reported in petitioner's 2002 tax return, petitioner deducted $257 as medical and/or dental expenses and $16,874 as job expenses, as well as the other itemized deductions claimed in the 2002 Schedule A, including the claimed $980 of charitable contributions, that were not subject to the 7.5-percent floor imposed by section 213(a) or the two-percent floor imposed by section 67(a).

Respondent issued to petitioner a notice of deficiency (notice) for his taxable year 2002. In that notice, respondent disallowed the deductions for the $257 of medical and/or dental expenses that petitioner claimed in the 2002 Schedule A after the reduction required by section 213(a), the $980 of charitable contributions that petitioner claimed in the 2002 Schedule A, and the $16,874 of job expenses that petitioner claimed in the 2002 Schedule A after the reduction required by section 67(a).

<u>Discussion</u>

Petitioner bears the burden of proving that the determinations in the notice are erroneous.[2] Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111 (1933). Moreover, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. <u>INDOPCO, Inc. v.</u>

---

[2]Petitioner does not claim that the burden of proof shifts to respondent under sec. 7491(a). In any event, petitioner has failed to establish that he satisfies the requirements of sec. 7491(a)(2). On the record before us, we find that the burden of proof does not shift to respondent under sec. 7491(a).

Commissioner, 503 U.S. 79, 84 (1992). Petitioner was required to maintain records sufficient to establish the amount of any deduction claimed. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Petitioner claims[3] the following deductions: (1) Medical and/or dental expenses of $4,880 prior to the application of the 7.5-percent floor imposed by section 213(a); (2) charitable contributions of $980; and (3) job expenses of $16,874 prior to the application of the two-percent floor imposed by section 67(a) that consisted of (a) automobile expenses of $5,844, (b) lodging expenses of $999.84 that petitioner included as part of the $6,884 claimed in the travel expense category in the 2002 Form 2106-EZ, (c) meal expenses of $3,420,[4] (d) the balance of $5,884.16 that petitioner included as part of the $6,884 claimed in the travel expense category in the 2002 Form 2106-EZ, (e) unidentified business expenses of $950, and (f) union dues of $188 in excess of those allowed by respondent.[5] Respondent counters that petitioner has failed to carry his burden of

---

[3]Although the Court ordered petitioner to file a posttrial brief, he failed to do so.

[4]In the 2002 Form 2106-EZ, petitioner claimed total meal expenses of $6,840, which he reduced by 50 percent, as required by sec. 274(n).

[5]Respondent concedes that during the year at issue petitioner paid $646 of the $834 of union dues that petitioner claimed in the 2002 Schedule A included as part of petitioner's 2002 tax return.

establishing his entitlement to any of the deductions that he is claiming.[6]

Claimed Medical and/or Dental Expenses

Petitioner presented no evidence and advances no argument with respect to the medical and/or dental expenses for which he claims a deduction.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2002 to the deduction that he claims for medical and/or dental expenses.

Claimed Charitable Contributions

Section 170(a) allows a deduction for any charitable contribution, as defined in section 170(c), that is made during the taxable year. A taxpayer claiming a deduction under section 170 must satisfy certain requirements prescribed by regulations promulgated under that section. See sec. 1.170A-13, Income Tax Regs.

In support of his position that he is entitled for his taxable year 2002 to a deduction of $980 for charitable contribu-

---

[6]In addition to respondent's concession that petitioner paid union dues of $646, see supra note 5, respondent concedes that during the year at issue petitioner paid a tax preparation fee of $175. Respondent's concessions will not affect the deficiency determined in the notice unless we were to sustain petitioner's position with respect to his claimed expenditures for the use of his automobile, lodging, meals, unidentified travel purposes, or unidentified business purposes. That is because of the two-percent floor imposed by sec. 67(a).

tions, petitioner apparently relies on a letter dated March 18, 2005 (petitioner's March 18, 2005 letter). We find petitioner's March 18, 2005 letter to be nothing more than a self-serving and conclusory document that in any event does not satisfy certain requirements prescribed by regulations promulgated under section 170. See sec. 1.170A-13, Income Tax Regs.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2002 to the deduction that he claims for charitable contributions.

Claimed Job Expenses

A taxpayer is entitled to deduct all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, "including * * * traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circum-stances) while away from home in the pursuit of a trade or business". Sec. 162(a).

Claimed Expenditures for Use of an Automobile, Lodging, Meals, and Certain Unidentified Travel Purposes

For certain kinds of expenses otherwise deductible under section 162(a), a taxpayer must satisfy certain substantiation requirements set forth in section 274(d) before such expenses will be allowed as deductions. In order for petitioner's claimed expenditures for the use of his automobile, lodging, meals, and

certain unidentified travel purposes to be deductible, such expenditures must satisfy the requirements of not only section 162(a) but also section 274(d). To the extent that petitioner carries his burden of showing that such claimed expenditures satisfy the requirements of section 162(a) but fails to satisfy his burden of showing that such expenditures satisfy the recordkeeping requirements of section 274(d), petitioner will have failed to carry his burden of establishing that he is entitled to deduct such expenditures, regardless of any equities involved. See sec. 274(d); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

The recordkeeping requirements of section 274(d) will preclude petitioner from deducting expenditures otherwise allow-able under section 162(a)(2) for the use of his automobile, lodging, meals, and certain unidentified travel purposes unless he substantiates the requisite elements of each such expenditure or use. See sec. 274(d); sec. 1.274-5T(b)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). A taxpayer is required to

> substantiate each element of an expenditure or use
> * * * by adequate records or by sufficient evidence
> corroborating his own statement. Section 274(d) con-
> templates that a taxpayer will maintain and produce
> such substantiation as will constitute proof of each
> expenditure or use referred to in section 274. Written
> evidence has considerably more probative value than
> oral evidence alone. In addition, the probative value
> of written evidence is greater the closer in time it
> relates to the expenditure or use. A contemporaneous

> log is not required, but a record of the elements of an expenditure or of a business use of listed property made at or near the time of the expenditure or use, supported by sufficient documentary evidence, has a high degree of credibility not present with respect to a statement prepared subsequent thereto when generally there is a lack of accurate recall. Thus, the corroborative evidence required to support a statement not made at or near the time of the expenditure or use must have a high degree of probative value to elevate such statement and evidence to the level of credibility reflected by a record made at or near the time of the expenditure or use supported by sufficient documentary evidence. The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain the records, together with documentary evidence, as provided in paragraph (c)(2) of this section [1.274-5T, Temporary Income Tax Regs.].

Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985).

The elements that a taxpayer must prove with respect to an expenditure for traveling away from home on business, including expenditures for the use of his automobile, lodging, meals, and certain unidentified travel purposes are: (1) The amount of each such expenditure for traveling away from home, except that the daily cost of the traveler's own breakfast, lunch, and dinner may be aggregated; (2) the time of each such expenditure, i.e., the dates of departure and return for each trip away from home and the number of days away from home spent on business; (3) the place of each such expenditure, i.e., the destinations or locality of travel, described by name of city or town or other similar designation; and (4) the business purpose of each such expenditure, i.e., the business reason for the travel or the nature of

the business benefit derived or expected to be derived as a result of travel. Sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46015 (Nov. 6, 1985).

In lieu of substantiating the actual amount of any expenditure relating to the business use of a passenger automobile, a taxpayer may use a standard mileage rate established by the Internal Revenue Service (standard mileage rate). See sec. 1.274-5(j)(2), Income Tax Regs.; Rev. Proc. 2001-54, sec. 5.02, 2001-2 C.B. 530, 532. The standard mileage rate is to be multiplied by the number of business miles traveled. Rev. Proc. 2001-54, sec. 5.02, 2001-2 C.B. at 532. The use of the standard mileage rate establishes only the amount deemed expended with respect to the business use of a passenger automobile. Sec. 1.274-5(j)(2), Income Tax Regs. The taxpayer must still establish the amount (i.e., the business mileage), the time, and the business purpose of each such use. Id.

In lieu of substantiating the actual amount spent for a meal while traveling away from home on business, a taxpayer may use an amount computed at the Federal meal and incidental expense (M&IE) rate set forth in Appendix A of 41 C.F.R. chapter 301 (Appendix A) for the locality of travel for each calendar day that the taxpayer is traveling away from home on business. See sec. 1.274-5(j)(1), Income Tax Regs.; Rev. Proc. 2001-47, secs. 3.02(1)(a), 4.03, 2001-2 C.B. 332, 333-334 (applicable to, inter

alia, Jan. 1 through Sept. 30, 2002); Rev. Proc. 2002-63, secs. 3.02(1)(a), 4.03, 2002-2 C.B. 691, 693-694 (applicable to, inter alia, Oct. 1 through Dec. 31, 2002).  The use of the M&IE establishes only the daily amount deemed spent for meals while traveling away from home on business.  Sec. 1.274-5(j)(1), Income Tax Regs.  The taxpayer must still establish the time, the place, and the business purpose of the daily expenditures for meals.  Id.

In support of the deductions that petitioner claims for his taxable year 2002 for expenditures for the use of his automobile, lodging, meals, and certain unidentified travel purposes, petitioner testified that during that year he worked in North Carolina and Pennsylvania.[7]  In support of his testimony, petitioner relies on a document (document one) that his certified public accountant prepared sometime after the Internal Revenue Service contacted petitioner regarding petitioner's 2002 tax return.  Document one purports to list the job site locations at which petitioner claims he worked during 2002 (i.e., West Jefferson, North Carolina, and Wind Gap, Pennsylvania), the respective time periods during which he claims he worked at such locations, and the respective round-trip mileages from Core, West Virginia, to such locations.  The record does not establish where petitioner resided during the periods in 2002 when petitioner claims

---

[7]Petitioner did not identify during his testimony the locations in N.C. or Pa. where he claims he worked during his taxable year 2002.

he traveled to certain job site locations in North Carolina and Pennsylvania.[8]  Nor does the record establish the location of the principal office or place of business of petitioner's employer for such periods.  Document one also purports to list meal expenses in 2002 of $38 per day for (1) 24 days in each of the months of April, May, July, August, and October and (2) 30 days in each of the months of June and September.  Petitioner also relies on another document (document two) to support his position with respect to the deduction that he is claiming for lodging expenses.  It is not clear from the record when document two was prepared.  Document two purports to list the dates on which petitioner incurred lodging expenses, the respective names of the establishments at which such expenses were incurred, and the amounts of such expenses.

Petitioner concedes that document one was not prepared at or near the time in 2002 of the expenditures for the use of his automobile, lodging, meals, and certain unidentified travel purposes that are at issue.  Petitioner failed to establish when document two was prepared.  We find that document one and document two do not have the high degree of credibility that would be present with a record or statement made at or near the time of the use of petitioner's automobile and the expenditures for

---

[8]In petitioner's 2002 tax return, which he timely filed, petitioner indicated that his home address was Keyser, W. Va.

lodging, meals, and certain unidentified travel purposes that are at issue. See sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985). Although petitioner testified about document one and document two, we found his testimony to be sparse, vague, general, and conclusory. We do not find his testimony to be the type of reliable corroborative evidence required to support a record or statement not made at or near the time of the use or expenditures at issue. See id. We are unwilling to rely on document one, document two, and petitioner's testimony to establish petitioner's position with respect to the claimed expenditures for the use of his automobile, lodging, meals, and certain unidentified travel purposes.[9]

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2002 to the deductions that he claims for expenditures for the use of his automobile, lodging, meals, and certain unidentified travel purposes.

Claimed Unidentified Business Expenses

Petitioner presented no evidence and advances no argument with respect to the unidentified business expenses for which he

---

[9]Assuming arguendo that we had found document one, document two, and petitioner's testimony to be reliable, those documents and that testimony do not establish all of the elements that petitioner must prove in order to satisfy the requirements under sec. 274(d). See sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46015 (Nov. 6, 1985).

claims a deduction.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2002 to the deduction that he claims for certain unidentified business expenses.

### Claimed Union Dues

In support of his position that he is entitled for his taxable year 2002 to deduct $188 of union dues in excess of the amount allowed by respondent,[10] petitioner relies on document two. Document two purports to list union dues totaling $645.50 that petitioner claims he paid in 2002 to three different unions. Petitioner did not offer any other evidence, such as canceled checks, to corroborate that claim. In any event, the total amount of union dues that petitioner claims in document two is $645.50, which is less than the amount conceded by respondent.

On the record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his taxable year 2002 to the deduction that he claims for union dues in excess of the amount allowed by respondent.

We have considered all of the parties' contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

---

[10]See supra note 5.

To reflect the foregoing,

Decision will be entered for

respondent.